**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10275 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00287-HDM |
| v. | |
| ORLANDO RETES-LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Orlando Retes-Lopez appeals from the district court's judgment and

challenges the 21-month custodial sentence and three-year term of supervised

release imposed following his guilty-plea conviction for being a deported alien

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

found unlawfully in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Retes-Lopez contends that the district court procedurally erred by failing to explain why it imposed a term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1008 (9th Cir. 2010), and conclude there is none. The record reflects that the district court considered Retes-Lopez's argument against the term of supervised release. Moreover, the district court's reasons for imposing the term of supervised release are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

Retes-Lopez also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Retes-Lopez's criminal history and the need for deterrence. *See Gall*, 552 U.S. at 51. Moreover, the district court did not abuse its discretion in imposing the term of supervised release as an added measure of deterrence and protection.

16-10275

*See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**